1 **GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2 2125 S Beverly Drive
Los Angeles, California 90034
3 Telephone: 310.776.7413

4 **ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
5 Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)
6 200 North Larchmont Boulevard
Los Angeles, California 90004
7 Telephone: 323.465.3100
Facsimile: 323.465.3177
8
Attorneys for Plaintiff Rule of Three Studio, LLC
9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 RULE OF THREE STUDIO, LLC, a California limited liability company,   Case No.

14 Plaintiff,   **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

15 v.   **DEMAND FOR JURY TRIAL**

16 DREW BARRYMORE, an individual;
17 WALMART, INC., a Delaware corporation;
JET.COM, INC., a Delaware corporation;
18 BARRYMORE BRANDS HOLDINGS, LLC,
a Delaware limited liability company;
19 PRESSTHEFLOWER, LLC, a California
limited liability company; PAPILLON
20 PRODUCTIONS, INC., a California
corporation; and DOES 1-5, inclusive,
21
Defendants.
22

23 Plaintiff Rule of Three Studio, LLC ("Rule of Three," or "Plaintiff") hereby complains

24 against Defendants Drew Barrymore ("Barrymore"); Walmart, Inc. ("Walmart"); Jet.com, Inc.

25 ("Jet"); Barrymore Brands Holdings, LLC ("BBH"); Presstheflower, LLC ("PTF"); and Papillon

26 Productions, Inc. ("Papillon," and, collectively with Barrymore, Walmart, Jet, BBH, and PTF,

27 "Defendants"), as follows.

28

## SUMMARY OF THE CASE

1. Plaintiff is a Los Angeles based fabric design studio, founded by acclaimed designer Jacqueline Paige Cleveland. Plaintiff specializes in creating intricate patterns using traditional dyeing and marbling techniques. Founded in 2013, Plaintiff's striking original designs quickly caught the attention of the design community, enabling Plaintiff to expand its offerings to include not just bolts of fabric, but also finished goods like pillows, lampshades, and tote bags. Plaintiff's goods have been featured in publications like the New York Times, Vogue, Interior Design, and Architectural Digest.

2. In or about 2015, Plaintiff released its first collection of pillows featuring its original "Turkish Plume" design (the Turkish Plume Design). Plaintiff sold these pillows through its website www.ruleofthreestudio.com, and through specialty brick and mortar retailers. Because of the painstaking process that goes into designing each of Plaintiff's original patterns, and the high quality of materials used, Plaintiff's pillows range in price from $315 to $565.

3. In or about 2019, Defendant Walmart, Inc. began selling products featuring a print that is identical to Plaintiff's Turkish Plume Design. These infringing goods were marketed and sold under the brand name Flower Home by Drew Barrymore. In advertisements and promotional materials, Defendant Barrymore even takes credit for creating the infringing design: "One of the things I'm most proud of is that every single one is completely our own and original—we created each print that we developed for the line…."

4. Defendants' unauthorized use of Plaintiff's Turkish Plume Design went beyond prints on certain products. Indeed, Defendants used the same unauthorized copy of Plaintiff's design on the hangtags for the entire collection of Flower Home products (the "Flower Home Collection"). Defendants' products are sold at a small fraction of the price of Plaintiff's goods.

5. After discovering this unauthorized use of its original design, Plaintiff reached out to Defendants in an attempt to resolve this dispute without resorting to litigation. Unfortunately, Defendants rebuffed these settlement efforts, leaving Plaintiff with no choice but to file this lawsuit in order to vindicate its rights.

## JURISDICTION AND VENUE

6. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101, et seq.); unfair competition under California law; and negligence.

7. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law1 intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, Defendant Barrymore purchased Plaintiff's goods featuring the Stone Plume print in this District, and the infringing goods in question were offered for sale in this District through, *inter alia*, Defendants' webstore.

## THE PARTIES

9. Plaintiff Rule of Three Studio, LLC is, and at all times relevant herein has been a California corporation, with its principal place of business located at 1340 E. 6th St., Los Angeles, CA 90021.

10. Plaintiff is informed and believes, and thereon alleges that Defendant Drew Barrymore is, and at all times relevant has been a resident of California; and is the principal of Defendants Barrymore Brands Holdings, LLC; Presstheflower, LLC; and Papillon Productions, Inc.

11. Defendant Walmart, Inc. is a Delaware corporation with its corporate headquarters located at 702 Southwest 8th Street, Bentonville, AR 72716. In addition to operating thousands of eponymous brick-and-mortar super-stores nationwide—including over 160 in California—Walmart sells Flower Home products, including the infringing goods, to consumers through the www.walmart.com website.

12. Defendant Jet.com, Inc. is a Delaware corporation with its corporate headquarters located at 221 River Street Hoboken, NJ 07030. Plaintiff is informed and believes, and thereon alleges that Jet is a wholly owned subsidiary of Defendant Walmart. Jet sells products, including the infringing goods, to consumers in this district through its website www.jet.com.

13. Defendant Barrymore Brands Holdings, LLC is a Delaware limited liability company, with its corporate headquarters located in this District at 450 North Roxbury Drive, Beverly Hills, CA 90210. Plaintiff is informed and believes, and thereon alleges that BBH is the current owner of the U.S. registration for the trademark "Drew Barrymore Flower Home."

14. Defendant Presstheflower, LLC, is a California limited liability company with its corporate headquarters located in this District at 450 North Roxbury Drive, Beverly Hills, CA 90210. Plaintiff is informed and believes, and thereon alleges that Presstheflower operates the website www.flowerbydrew.com, which markets and sells Flower Home products, including the infringing goods.

15. Defendant Papillon Productions, Inc. is a California corporation with its corporate headquarters located in this District at 450 North Roxbury Drive, Beverly Hills, CA 90210. Papillon is the currently registered owner of the U.S. registration for the trademark "Flower by Drew."

16. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-5, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

17. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged, and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of each of the other Defendants.

**First Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

18. Plaintiffs incorporate herein by this reference all paragraphs contained in this pleading as if set forth in full in this cause of action

19. At all relevant times, Plaintiff has held a copyright in an original two-dimensional artwork, titled "Turkish Plume" (the "Turkish Plume Design"). The copyright registration for the Turkish Plume Design was issued on December 10, 2019 (U.S. Copyright Registration Number VA 2-181-924).

20. Prior to Defendants' acts complained of herein, Plaintiff sold fabric bearing the Turkish Plume Design to wholesalers and retail customers. Plaintiff also sold finished goods bearing the Turkish Plume Design, including, but not limited to, pillows, lamp shades, and tote bags. Indeed, Plaintiff is informed and believes that prior to the infringing conduct complained of herein, Defendant Drew Barrymore purchased one of Plaintiff's pillows bearing the Turkish Plume Design from one of Plaintiff's retail customers.

21. Following Plaintiff's distribution of fabric bearing the Turkish Plume Design, Plaintiff's investigation revealed that goods with a fabric design identical or substantially similar to the Turkish Plume Design were being produced and sold by Defendants under the brand name Flower Home.

22. As shown in the images below, a comparison of the Turkish Plume Design and Defendants' goods demonstrates the substantial similarity of the designs in terms of their elements, composition, arrangement, layout, and overall appearance.

*Plaintiff's Turkish Plume Design*     *Defendants' Goods*





ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

23. As shown in the images below, Defendants made extensive use of Plaintiff's Turkish Plume Design on a wide variety of items, including, but not limited to furniture cushions, pet beds, and shower curtains.

***Defendants' Goods***

  

24. These infringing goods were featured throughout Defendants' advertising materials, several of which are still being used despite Defendants' representations that the images had been removed from the marketplace.

25. As mentioned above, Defendants' unauthorized use of Plaintiff's Turkish Plume Design was not limited to the fabric patterns on certain goods. Indeed, as shown in the images below, Defendants included infringing copies of the Design on the hangtags that were attached to the *entire Flower Home Collection*.

***Defendants' Hangtags***

   

***Macramé Basket***     ***Velvet Throw Pillows***     ***Pendant Lamp***

26. Plaintiff is informed and believes and thereon alleges that Defendants had access to the Turkish Plume Design including, without limitation, through access to fabric being sold in the marketplace bearing lawfully printed reproductions of the Turkish Plume Design.

27. Subsequent to Plaintiff's creation of the Turkish Plume Design, and (on information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by mechanically copying the Turkish Plume Design and placing such copied images on Defendants goods; and by advertising, displaying, selling, and offering for sale the infringing Flower Home Collection in California, and elsewhere in the United States. All such acts were performed by Defendants without the permission, license, or consent of Plaintiff.

28. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered, and will continue to suffer substantial damages to its business in the form of diversion of trade, loss of profits, and a dilution in the value of Plaintiff's rights and reputation, all in amounts that are not yet ascertainable, but not less than the jurisdictional minimum of this Court.

29. By reason of Defendants' infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded its costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and sequester inventories of the infringing products, and to supply accountings to Plaintiff's counsel;

6. That Defendants be ordered to deliver their entire inventories of infringing products to a mutually selected third party for supervised destruction;

7. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after service of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

8. For disgorgement of all proceeds, and restitution of all monies received by Defendants as the result of their wrongful conduct;

9. For punitive damages in an amount sufficient to deter Defendants from their wrongful conduct; and

10. Such other Damages and further relief as the Court may deem appropriate.

DATED: April 30, 2020               GLUCK LAW FIRM, P.C.


                                    By:      /s/
                                          Jeffrey S. Gluck
                                          Attorneys for Plaintiff Rule of Three Studio, LLC



**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

DATED: April 30, 2020            GLUCK LAW FIRM, P.C.


By:      /s/
       Jeffrey S. Gluck
    Attorneys for Plaintiff Rule of Three Studio, LLC